Howell, J.
This is a hypothecary action, by which the plaintiff seeks to enforce the judgment she obtained against her husband, upon property in the possession of defendant and subject, as she alleges, to her legal mortgage.
The defense is that her judgment is a nullity, having been obtained by fraudulent collusion between herself and husband, and not having been executed for two years after rendition; that a portion of it is slave consideration, and that her mortgage has not been registered. From a judgment in favor of plaintiff the defendant appealed.
The plaintiff’s judgment against her husband, and which she seeks to enforce against the defendant, is for $7300 60, with five per cent, interest from the seventeenth of September, 1867, and mortgage for $500 from the first of April, 1854,- $431 25 from the third of April, 1858; $431 25 from the third of April, 1859; $431 25 from the third of April, I860; $5113 87 from the eighteenth of February, 1861, and $392 98 from the thirtieth of April, 1861.
The evidence sufficiently establishes the validity of plaintiff’s judgment against her husband as to the amounts and dates, its execution and registry, and the only serious question relates to the want of authority in the wife to institute either the suit against her husband or the present action. This question of authority was not raised in the lower court. As to her authority to prosecute this suit, we find in the record an appearance by the husband for the purpose of giving such authority, which is sufficient. In regard to the suit against her husband, there is no order of the judge authorizing her to institute and prosecute it, as she specially prayed; but, as held in the case of Le Blanc v. Dubroca, 6 An. 360, article 105 C. P., making such authorization necessary, is intended to protect the husband against unadvised and vexatious family suits, and, being an exception in his favor, does not afford ground for annulling a judgment against him in a controversy between his creditors and his wife. We are disposed to adhere to this view, and we do not think such interpretation of said article is a judicial annulment of the law, as contended by counsel.
The question of slave consideration does not seem to be pressed be. *462 fore us; but the evidence does not satisfy us that any part of the wife’s claim, as allowed, was for the price of slaves.
Her mortgage was duly recorded before 1870, which preserved it as it existed from the dates fixed in her judgment, and the act under which defendant’s author acquired his rights, not having been recorded before her mortgage operated upon and attached to the land in question, her mortgage takes preference. See 20 An. 79.
The judgment in this case, however, has given the plaintiff more interest than she is entitled to, and several items not embraced in her demand, in which respects it must be changed.
It is therefore ordered that the judgment appealed from be set aside and proceeding to render such judgment as should have been given below, it is ordered that defendant, A. J. Sharp, be condemned to pay the plaintiff the sum of seven thousand three hundred dollars and sixty cents, with five per cent, thereon from the seventeenth of September, 1867, and costs in the lower court, and in default thereof that the property described in plaintiff’s petition and now owned by the defendant be seized and sold under plaintiff’s mortgage for $500 from first of April, 1854; for $431 25 from the third of April, 1858; for $431 25 from the third of April, 1859; for $431 25 from the third of April, 1860; for $5113 87 from the eighteenth of February, 1861, and for $392 98 from the thirtieth of April, 1861, and costs below. The costs of appeal to be paid by plaintiff and appellee.